IRENE K. YESOWITCH  State Bar #111575
DAVID P. BOROVSKY  State Bar #216588
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
TEL: (415) 397-2222   FAX: (415) 397-6392

Attorneys for Defendant
CLARENDON AMERICA INSURANCE COMPANY

ALBERT L. BOASBERG  State Bar #31205
Attorney at Law
Alexander Building, Suite 1010
155 Montgomery Street
San Francisco, CA  94104
Telephone (415) 989-6960

Attorneys for Plaintiff
GUERNEVILLE BUSINESS CORPORATION, INC.
doing business as RUSSIAN RIVER RESORT

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUERNEVILLE BUSINESS CORPORATION, INC. doing business as RUSSIAN RIVER RESORT,<br><br>Plaintiff,<br><br>vs.<br><br>CLARENDON AMERICA INSURANCE COMPANY, and DOES 1 THROUGH 10,<br><br>Defendants. | CASE No. 3:09-CV-00746-MMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        May 29, 2009<br>Time:       10:30 a.m.<br>Courtroom:  7 |

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

3:09-CV-00746-MMC

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

The parties to the above mater jointly submit the following joint Case Management Conference Statement.

## I. JURISDICTION AND SERVICE

Plaintiff Russian River Resort ("RRR") filed its Complaint in Sonoma County Superior Court. Defendant Clarendon America Insurance Company ("Clarendon") removed the Complaint to U.S. District Court, Northern District of California, based on a claim of diversity.

No issues exist with regard to personal jurisdiction or venue. No parties remain to be served.

## II. FACTS

This case involves a dispute over an insurance claim for losses sustained by the RRR—a resort in Guerneville, California—due to a wind and rainstorm that took place on or about January 1, 2006. The resort consists of four structures, and the damage to each was primarily to the roofs.

Clarendon insured the RRR under a policy of Commercial Property insurance, which generally provided coverage for physical damage to four structures, and for certain business interruption losses as defined by that policy. In addition, various exclusions and conditions in the policy limit or bar coverage for both physical damage and business interruption.

After the storm, the RRR submitted a claim to Clarendon for the resulting damage and business interruption. During the adjustment of the claim, various disputes arose as to the amount of policy benefits that were owed by Clarendon to the RRR for the following:

- The RRR's claim for structural repair costs;
- The RRR's claim for business interruption costs; and
- The RRR's claim for reimbursement of "payroll expenses" in addition to the policy's coverage for business interruption losses.

To date, Clarendon has paid a total of $59,428.00 to the RRR for business interruption losses, and $42,242.92 for structural repairs. It is Clarendon's position that no additional policy benefits are owed and that the RRR has not submitted sufficient documentation to support its claim for additional policy benefits. The RRR disputes Clarendon's position, and contends that it

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1                                3:09-CV-00746-MMC

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

is entitled to an additional $72,581 in benefits for structural repair costs, an additional $120,572 in business interruption coverage, and an additional $92,673.91 in "payroll expenses".

## III.  LEGAL ISSUES

The disputed legal issues all pertain to Clarendon's obligations to pay additional policy benefits under the subject insurance policy, and include the following:

- Whether the policy obligates Clarendon to pay for the entire replacement of the roofs of each of the structures because it provided "replacement cost" coverage;

- Whether the policy obligates Clarendon to pay for business interruption losses absent a total cessation of business operations, on a per-structure basis;

- Whether a co-insurance penalty may be applied to the claim for business interruption losses; and

- Whether the policy obligates Clarendon to pay for "payroll expenses" in addition to covered business interruption losses, or whether "payroll expenses" are merely one component of covered business interruption losses.

## IV.  MOTIONS

There are no pending motions.  Should the matter not settle at mediation, Clarendon anticipates filing a motion for summary judgment or partial summary judgment concerning some or all of the legal issues specified above.

## V.  AMENDMENT OF PLEADINGS

At this time, the parties do not anticipate any amendment of pleadings.

## VI.  EVIDENCE PRESERVATION

The parties have been directed to and, to the knowledge of counsel, have taken steps to preserve evidence relevant to the issues reasonably evident in this action.

Clarendon reserves its right to assert that the RRR failed to preserve critical evidence concerning the physical damage to the roofs of two of the insured structures and the cause thereof, and that Clarendon was not given an adequate opportunity to inspect these roofs during the claims investigation.

## VII.  DISCLOSURES

The parties have stipulated to complete initial disclosures as required by FRCP 26 no later

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

than thirty (30) days after the date of this case management conference.

## VIII. DISCOVERY

No discovery has been conducted to date, although since the filing of this lawsuit, Clarendon has identified certain documentation that it requires to mediate the case, and has communicated the same to counsel for RRR.

Clarendon anticipates the need to conduct the following discovery:

- Depositions of plaintiff's person(s) most knowledgeable concerning the claimed business interruption losses and payroll expenses;
- Deposition of Arthur Fonden, the public insurance adjuster hired by plaintiff in the loss adjustment process;
- Deposition of Alan William Coon, the architect hired by plaintiff to evaluate the reports and recommendations of Clarendon's roof-repair experts;
- Deposition of John Demers, contractor hired by RRR to prepare estimates and a scope of repair for the damage to the four structures;
- Written discovery concerning the basis for the RRR's claims that they are entitled to additional policy benefits for physical damage and business interruption losses, and documentation of the same.

The RRR anticipates the need to conduct the following discovery:

- Interrogatories and depositions.

The parties do not anticipate the need for any changes to the limitations periods regarding discovery, and the parties do not seek any discovery orders at this time.

The parties have agreed to a hold on depositions until after the agreed-upon mediation is completed. However, the parties agree that written discovery may be commenced after the date of the status conference.

## IX. CLASS ACTIONS

Not applicable.

## X. RELATED CASES

None.

## XI. RELIEF

The RRR seeks the following relief and damages: Reimbursement for replacement of

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

roofs, payroll expenses, loss of business income and consequential damages.

It is Clarendon's position that it has paid all policy benefits owed based upon the documentation submitted to date by the RRR. Absent additional documentation submitted by the RRR in this litigation to support their claim for additional policy benefits, there would be no basis upon which to calculate additional damages. Moreover, in the event that additional documentation is produced for the first time during litigation, Clarendon contends that it is not responsible for any damages resulting from this delay in paying any additional policy benefits, such as consequential damages or prejudgment interest.

## XII.   SETTLEMENT AND ADR

The parties have stipulated to mediation and the Court has entered an order requiring the parties to complete the mediation within 90 days. The parties are in the process of agreeing upon a mediator.

In order to engage in a meaningful mediation, Clarendon needs to obtain documentation supporting the RRR's claims for additional policy benefits. Prior to the filing of this statement, Clarendon's counsel has specified the specific information requested, and will obtain the same through either initial disclosures or written discovery in advance of the mediation.

In order to engage in a meaningful mediation, the RRR needs to obtain the following discovery:

Defendant's claims file.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to have a magistrate judge conduct all further proceedings.

## XIV.   OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation

## XV.   NARROWING OF ISSUES

Clarendon anticipates that certain, if not all, of the legal issues summarized above may be resolved via dispositive motion.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

4

3:09-CV-00746-MMC

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

## XVI. EXPEDITED SCHEDULE

This case is not suitable for an expedited schedule at this time.

## XVII. SCHEDULING

The parties estimate that the trial of this matter will take approximately five (5) court days.

The parties request that the trial of this matter be set sometime in June of 2010.

The parties request the following Discovery, Motion, and Pre-Trial Deadlines

- o Deadline to complete non-expert discovery: 4 months before trial.
- o Deadline for designation of expert witnesses: 4 months before trial, 3 months before trial for rebuttal expert witnesses.
- o Deadline to complete expert discovery: 2 months before trial.
- o Deadline for hearing dispositive motions: 3 months before trial.
- o Final Pretrial Conference: 30 days before trial.

## XVIII. TRIAL

Both parties have demanded a jury.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Clarendon filed a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16, concurrently with its Petition for Removal. This certification stated as follows:

Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Clarendon National Insurance Company, Clarendon Insurance Group, Hannover Re of Hannover, Germany.

//

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

5

3:09-CV-00746-MMC

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

The RRR alleges that the subject policy includes coverage for payroll expense, in addition to loss of business income; that Defendants already approved replacement of the four roofs on the subject property before withdrawing such approval after the roofs were replaced; and that it was Plaintiff's duty to replace roofs in order to prevent further damage to subject property, under Plaintiff's duty to mitigate damages.

Dated: May 22, 2009                LONG & LEVIT LLP

By: /s/
IRENE K. YESOWITCH
DAVID P. BOROVSKY
Attorneys for Defendant CLARENDON AMERICA INSURANCE COMPANY

Dated: May 22, 2009.

/s/
ALBERT L. BOASBERG
Attorney for Plaintiff GUERNEVILLE BUSINESS CORPORATION, INC. doing business as RUSSIAN RIVER RESORT

DOCS\S5703-069\564316.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

6                                3:09-CV-00746-MMC
JOINT CASE MANAGEMENT CONFERENCE STATEMENT