IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUERNEVILLE BUSINESS CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>ALBERT L. BOASBERG, et al.,<br><br>    Defendants.<br>_____ | No. C-11-4913 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60 AND FOR CONSOLIDATION OF CASES; VACATING HEARING** |
| GUERNEVILLE BUSINESS CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>ALBERT L. BOASBERG, et al.,<br><br>    Defendants.<br>_____/ | No. C-09-0746 MMC |

    Before the Court is plaintiff Guerneville Business Corporation's ("GBC") "Motion for Relief Under FRCP 60 and Consolidation of Cases Under FRCP Rule 42(a)," filed April 13, 2012. Defendants Arthur O. Fonden, Scott Mandell, and Albert L. Boasberg have filed a joint opposition, and defendant Clarendon America Insurance Company ("Clarendon") has filed a separate opposition. GBC has filed a single reply responding to all oppositions.

1  Having read and considered the papers filed in support of and in opposition to the motion,
2  the Court deems the matter suitable for determination on the parties' respective written
3  submissions, VACATES the hearing scheduled for May 18, 2012, and rules as follows.
4       By the instant motion, GBC seeks an order, pursuant to Rule 60(b) of the Federal
5  Rules of Civil Procedure, setting aside the Stipulation of Dismissal of Action with Prejudice,
6  filed October 5, 2009 in <u>Guerneville Business Corporation, Inc. v. Clarendon America</u>
7  <u>Insurance Company</u>, C-09-0726 MMC ("First Action"). Additionally, in the event said
8  stipulation of dismissal is set aside, GBC seeks an order, pursuant to Rule 42(a),
9  consolidating the First Action with <u>Guerneville Business Corporation, Inc. v. Arthur</u>
10 <u>Boasberg, et al.</u>, C-11-4913 ("Second Action").
11      In the First Action, the plaintiff, identified as "Guerneville Business Corporation, Inc.,
12 doing business as Russian River Resort," alleged it was entitled to certain proceeds under
13 an insurance policy issued by Clarendon. After the parties to the First Action entered into a
14 settlement agreement, they filed the above-referenced stipulation of dismissal. In the
15 Second Action, GBC alleges it is entitled to same insurance benefits as were at issue in the
16 First Action and that it was not in fact a party to the First Action. Clarendon, in a
17 counterclaim filed in the Second Action, alleges it is entitled to damages because GBC is
18 bound by the settlement agreement and breached said agreement by instituting the Second
19 Action.
20      In the instant motion, GBC asserts that, in light of the allegations made in the
21 Second Action, and, in particular, in Clarendon's counterclaim, it is necessary to set aside
22 the stipulation of dismissal entered in the First Action. The Court disagrees.
23      First, assuming the truth of GBC's assertion that it was not a party to the First
24 Action, GBC lacks standing to set aside a stipulation entered therein and to which it was
25 not a party. <u>See</u> Fed. R. 60(b) (providing "[o]n motion and just terms, a court may relieve a
26 <u>party</u> or its legal representative from a final judgment, order or proceeding") (emphasis
27 added); <u>see</u>, e.g., <u>Citibank, Int'l v. Collier-Traino, Inc.</u>, 809 F.2d 1438, 1440 (9th Cir. 1987)
28 (holding "district court properly refused to consider [movant's] motion to vacate [permanent

injunction] because the motion was filed by a nonparty").  Second, even assuming GBC has standing to challenge the stipulation of dismissal and further assuming GBCs motion to set aside said dismissal is timely, GBC has failed to identify any cognizable basis to set aside the dismissal.  Although, as GBC notes, the issue of whether it is bound by the settlement agreement is presented in the Second Action, GBC fails to identify any reason why it is necessary to reopen the First Action in order to resolve said issue, and the Court finds no such reason exists.

Further, because GBC has failed to show the stipulation of dismissal entered in the First Action should be set aside, its request for consolidation of the First and Second Actions is moot.

Accordingly, the motion is hereby DENIED in its entirety.

**IT IS SO ORDERED.**

Dated:  May 8, 2012

MAXINE M. CHESNEY
United States District Judge